

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-2-2005

# Viveros-Rodriguez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1226

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Viveros-Rodriguez v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1519.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1519

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1226

———

YESID ANDRES VIVEROS-RODRIGUEZ,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review from the Board of Immigration Appeals
Agency No. A78-511-798

———

Submitted Under Third Circuit LAR 34.1(a): January 14, 2005

Before: ROTH and CHERTOFF *, *Circuit Judges*, and IRENAS,** *Senior District Judge*

(Filed:  February 2, 2005)

---

\* This case was originally submitted to the three judge panel of Roth, Chertoff and Irenas.  Judge Chertoff subsequently recused.  Because the remaining two judges agreed on the opinion and disposition of the case, it was unnecessary to assign a third judge. Linde v. Phelps, 731 F.2d 1201 (5th Cir. 1984); Murray v. Nat'l Broadcasting Co., 35 F.3d 45 (2nd Cir. 1994).

\*\*Honorable Joseph E. Irenas, Senior District Judge for the District of New Jersey, sitting by designation.

1

ROTH, *Circuit Judge.*

Yesid Andres Viveros-Rodriguez seeks review of the final order of the Board of Immigration Appeals (BIA) denying his application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We will deny his petition.

A.

Viveros-Rodriguez, a citizen of Colombia, was intercepted on December 28, 2000 while attempting to cross a river into Texas. He was charged in a Notice to Appear with being an alien present in the United States without being admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i), appeared for removal proceedings, and filed an application for asylum, withholding of removal and protection under CAT. Viveros-Rodriguez, who has received medical training as a nurse, asserts that he will face persecution if he returns to Colombia because he rejected an "invitation" to join the National Liberation Army (ELN) which, he believes, wanted him to provide medical services to its injured members.

Viveros-Rodriguez says that he received the "invitation" by telephone when he visited his grandmother in Cali, Colombia in January 1999 and that, because he refused, he received a threatening telephone call when he again visited his grandmother in April 1999. After the second call, he returned to his home city of Bogota, where he lived for

one-and-one-half years, working jobs at three hospitals to earn enough money to leave the country. Viveros-Rodriguez did not receive any telephone calls or threats from anyone from the ELN while he was in Bogota, but he fears that the ELN is planning its revenge because he heard a rumor that the ELN kidnapped a doctor and forced him to treat its members, and because news sources report that there are "record levels of violence and crime in Colombia." (See App. 186-263.)

After an administrative hearing with testimony from Viveros-Rodriguez, an Immigration Judge (IJ) denied his application in a 16-page written decision. The BIA affirmed the decision without opinion on December 30, 2003 and, on January 27, 2003, Viveros-Rodriguez filed this petition for review.

B.

This Court reviews the determination of the BIA that Viveros-Rodriguez did not establish eligibility for asylum by showing "persecution or a well-founded fear of persecution on account of . . . political opinion," see 8 U.S.C. §§ 1101(a)(42)(A), 1158, under the substantial evidence standard, see Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The decision of the BIA must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).[1]

---

[1] In this regard, the decision of the IJ is treated as the final decision of the BIA because the BIA affirmed the decision without written opinion pursuant to 8 C.F.R. § 1003.1(e)(4). See Dia v. Ashcroft, 353 F.3d 228, 243 (3d Cir. 2003).

This Court will affirm the decision of the BIA because its conclusion that Viveros-Rodriguez does not have a "well-founded" fear of persecution is supported by substantial evidence. First, we agree with the IJ that petitioner's claim that he is a target for persecution because he is a nurse is not particularly credible. He initially claimed by affidavit that several of his colleagues had been "kidnapped by the ELN and held captive for months," but he testified at the hearing that he did not know any medical professionals who had been kidnapped, though he had heard rumors about a doctor who was held and forced to treat injured ELN members. The IJ reasonably concluded that Viveros-Rodriguez would not have forgotten if the ELN had, in fact, captured and held his medical colleagues.

Second, Viveros-Rodriguez admits that after he received the second phone call, he lived in Bogota, Colombia for a year and a half and never received another phone call or threat. During this time, he was not in hiding; instead, he maintained the same residence and worked three jobs at hospitals in the capital city. Viveros-Rodriguez never received any threats while in Bogota, never reported any threats to the authorities, and never asked for protection.

In sum, the record supports the BIA's conclusion that while "Colombia has been plagued by decades of insurrection, civil war and overwhelming violence," Viveros-Rodriguez did not establish that he personally has a well-founded fear of persecution if

4

he returns.[1]  The Court will deny his petition for review.

_____

[1]  Because Viveros-Rodriguez has not established that he has a "well-founded" fear of persecution for asylum purposes, he has not established eligibility for withholding of removal, see Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003), or for protection under CAT, see Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004).